IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRIAN PORTER                                                                                           PLAINTIFF

vs.                                          Civil No. 2:19-cv-02123

COMMISSIONER, SOCIAL                                                                          DEFENDANT
SECURITY ADMINISTRATON

**MEMORANDUM OPINION**

Brian Porter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability application on April 22, 2014. (Tr. 505). In this application, Plaintiff alleges being disabled due to migraine headaches. (Tr. 346). Plaintiff's alleged onset date is also April 22, 2014. (Tr. 505). This application was denied initially and again upon reconsideration. (Tr. 200-229).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself not the ECF page number.

1

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on this application, and this hearing request was granted. (Tr. 146-179). After this hearing, the ALJ entered an unfavorable decision. (Tr. 124-139). Plaintiff appealed that decision to this Court, and Plaintiff's case was reversed and remanded. (Tr. 604-611). Specifically, this Court directed the ALJ to further consider Plaintiff's subjective complaints and the *Polaski* factors. *Id.* After this case was remanded, the ALJ held a second administrative hearing on July 15, 2019 in Little Rock, Arkansas. (Tr. 554-581). At this hearing, Plaintiff was present and was represented by Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at the administrative hearing in this matter. *Id.*

On July 30, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 502-517). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 22, 2014, his application date. (Tr. 507, Finding 1). The ALJ found Plaintiff had the following severe impairments: migraine headaches and mild asthma. (Tr. 507-508, Finding 2). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 508, Finding 3).

The ALJ determined Plaintiff was thirty (30) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008), on the date his application was filed. (Tr. 516, Finding 6). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 516, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 508-516, Finding 4). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c), except the claimant can occasionally climb, stoop, crouch, kneel, or crawl.  The claimant may not climb ladders, ropes, or scaffolds.  The claimant must avoid unprotected heights, dangerous moving machinery, and cannot operate motor vehicles at work.  The claimant must avoid exposure to heavy temperature extremes, chemicals, dust, fumes, and humidity.  The claimant is limited to unskilled work, and can understand, follow, and remember concrete instructions.  The claimant may have superficial contact with supervisors; coworkers, and the public, such as meeting, greeting, and giving simple instructions and directions.

*Id.*

The ALJ evaluated his Past Relevant Work ("PRW") and found Plaintiff had no PRW.  (Tr. 516, Finding 5).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 516-517, Finding 9).  The VE testified at the administrative hearing regarding this issue.  *Id.*  The VE testified that, given all Plaintiff's vocational factors, he retained the capacity to perform work as a machine operator (medium, unskilled) with approximately 120,000 such jobs in the national economy; and store laborer (medium, unskilled) with approximately 100,000 such jobs in the national economy.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from April 22, 2014, the date his application was filed.  (Tr. 517, Finding 10).

The Appeal Council did not assume jurisdiction of this case.  On September 30, 2019, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on October 2, 2019.  ECF No. 4.  This case is now ready for decision.

**2.**     **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 11.  Specifically, Plaintiff claims the ALJ erred in assessing his RFC.  *Id.* at 1-14.  The Court will address this argument for reversal.

In assessing a claimant's RFC, it is the ALJ's responsibility to base that determination upon "all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations."  *See Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995).  The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis.  *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996).  "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."  *Id.*

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ.  Plaintiff is correct that he has a documented history of migraine headaches, but the

ALJ did consider his limitations for those headaches when he assessed his RFC. As noted above, he limited him to unskilled work with superficial contact with supervisors and others. (Tr. 508, Finding 4). The ALJ also found Plaintiff "must avoid exposure to heavy temperature extremes, chemicals, dust, fumes, and humidity." *Id.*

As for his claim that he would require so many frequent, unscheduled absences to the point that he is disabled, Plaintiff simply has not provided sufficient evidence to establish these limitations. Indeed, Plaintiff argues *the ALJ* is at fault for failing to develop the record as to this issue: "the ALJ should have sought an opinion on how these migraines would impact the ability to work, the ability to maintain work day in and day out on a regular and consistent basis without unacceptable absenteeism, and/or the ability to maintain attention, concentration, persistence and pace." ECF No. 11 at 13. In the present action, however, the record is over 1300 pages in length. Upon review, it appears to be a complete record, and Plaintiff has not demonstrated he was prejudiced by the ALJ's failure to further develop the record. Thus, the Court cannot remand this action. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent prejudice or unfairness, we will not remand").

**4.     Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of November 2020.**

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE